**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 31, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRANDON MAURICE FORD,

    Plaintiff-Appellant,

v.

JEFFERSON COUNTY SHERIFF'S
OFFICE; INMATE SERVICES;
SHERIFF JEFFERSON COUNTY;
COUNTY OF GOLDEN COLORADO,

    Defendants-Appellees.

No. 18-1248

(18-CV-00953-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.

---

Plaintiff Brandon Maurice Ford was a detainee in the Jefferson County Jail, Golden, Colorado, when he filed a pro se § 1983 complaint alleging that the Sheriff's Office violated his civil rights by denying him a halal/kosher diet. With his complaint, Plaintiff submitted a deficient motion to proceed in forma pauperis (IFP). The next day, a magistrate judge noted the motion's deficiencies and directed Plaintiff to cure those deficiencies within thirty days. Plaintiff did not do so but instead filed a slew of non-responsive pleadings. After the thirty day period allotted

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff to cure had passed, the district court dismissed Plaintiff's complaint without prejudice for failure to comply with the magistrate judge's order. The district court's order ably sets forth the barrage of pleadings Plaintiff filed in response to the order to cure and explains why dismissal of his complaint was justified:

> [The] Magistrate Judge . . . clearly directed Plaintiff to submit a Prisoner's Motion and Affidavit to Proceed Pursuant to 28 U.S.C. § 1915, which includes an authorization to calculate and disburse filing fee payments. Plaintiff has now failed to comply with this directive within the time allowed. Plaintiff also has continued to file unnecessary requests, which border on being an abuse of the judicial process. The court, therefore, will dismiss the action for failure to cure deficiencies within the time allowed.

The district court acted well within its sound discretion in dismissing the complaint. We have nothing to add.

Accordingly, the judgment of the district court is AFFIRMED. Plaintiff's motion to proceed on appeal IFP is GRANTED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

2